## HUBER HOGE, Inc., v. SMITH & WESSON.

Circuit Court of Appeals, First Circuit.
May 14, 1929.

No. 2265.

Eli J. Blair, of New York City (Morton Collingwood and Dennis E. Sullivan, both of Boston, Mass., on the brief), for appellant.

Harold P. Small, of Springfield, Mass. (Wooden, Small, & Mallary, of Springfield, Mass., on the brief), for appellee.

Before BINGHAM, Circuit Judge, and ANDERSON and HALE, District Judges.

ANDERSON, Circuit Judge. The ruling of the court below, that the plaintiff could not recover, was plainly right.

The written agreement between the parties, dated January 23, 1926, contained this stipulation:

"This agreement is terminable at any time simply upon notification, and we merely ask protection on any current commitments made on your request."

On the undisputed facts, the agreement between the plaintiff, an advertising agent, and the defendant, was, by written notice dated in September, 1926, terminated; the plaintiff rendered bills for all its "current commitments," and they were paid by defendant. This stipulation left no legal room for the plaintiff's contention that it had a continuing right for commissions on the remaining half of the schedule approved by defendant for advertising in the Saturday Evening Post and Collier's Weekly; for the orders given by the plaintiff to these publishing concerns were, as plainly appears by the correspondence and otherwise, not "commitments" made at the request of the defendant, within the fair meaning of this stipulation. They were nothing but revocable orders, which, in fact, plaintiff canceled after receiving notice from the defendant of the termination of its contract with the defendant. The fact that orders for publishing the same advertisements were made by the defendant through another advertising agency gave the plaintiff no legal cause for complaint.

The judgment of the District Court is affirmed, with costs to the appellee.